UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA


SUSAN MASSEY and WILLIAM SCOTT )
MASSEY, )
)
Plaintiffs, )
)
v. )
) No. 1:05-CV-249
DETECTIVE D.L. HESS; KATHLEEN )
OELSCHLEGEL, individually and as member ) Judge Curtis L. Collier
of the Prince William County, Virginia Police )
Department; OFFICER JASON WAGON, )
individually and as an officer and employee of )
the Chattanooga Police Department; OFFICER )
CURTIS MORRIS, individually and as an )
officer and employee of the Chattanooga Police )
Department; OFFICER KEITH JENNINGS, )
individually and as an officer and employee )
of the Chattanooga Police Department; and )
CITY OF CHATTANOOGA, TENNESSEE, )
)
Defendants. )


**M E M O R A N D U M**

Defendants D.L. Hess and Kathleen Oelschlegel ("Defendants"), through counsel, filed a

motion to dismiss contending they have not been served in accordance with the Federal Rules of

Civil Procedure (Court File No. 35). Defendants filed a brief in support of their motion (Court File

No. 36) and Plaintiffs Susan Massey and William Scott Massey ("Plaintiffs") filed a response in

opposition (Court File Nos. 39, 40). Plaintiffs argue service was proper, but in the event the Court

finds service inadequate, Plaintiffs request additional time in which to properly serve Defendants.

For the following reasons, the Court will **DENY** Defendants' motion to dismiss (Court File

No. 35) and **GRANT** Plaintiffs an extension of time under Rule 4(m) to effect service of process

upon Defendants.

## I.      RELEVANT BACKGROUND

Defendants are employed by the Prince William County, Virginia Police Department as detectives in the crimes against children unit, criminal investigation division (Court File No. 41). On September 13, 2005 Plaintiffs filed a complaint against Defendants, in their individual and official capacities,[1] and others alleging their constitutional rights were violated as guaranteed by the provisions of 42 U.S.C. § 1983  (Court File No. 1, Complaint).   Plaintiffs attempted to serve Defendants by sending a copy of the summons and complaint through certified mail to the police station where Defendants are employed.  The summons and complaint were received and signed for by an employee of the Prince William County Police Department, Maria Hooper[2] (Court File Nos. 8, 9).

On November 1, 2005 Defendants filed an answer to the complaint (Court File No. 16, Answer).  In the answer Defendants assert a "defense of insufficiency of service of process . . . in that the service of process in this case was not accomplished by personal service pursuant to Rule 4(e)(2)"(*Id.* at p. 5) (emphasis removed from original).  On May 31, 2006 Defendants filed the current motion contending service was improper and as a result the complaint filed against them should be dismissed.

---

[1] The Court's analysis in this memorandum focuses on whether Defendants were served in their individual capacities.  The parties' briefs do not address whether Defendants were sufficiently served in their official capacities.

[2] The parties' briefs do not inform the Court what position Ms. Hooper holds at the Prince William County Police Department.

2

## II.    DISCUSSION

### A.    Insufficiency of Service of Process

Rule 12(b)(5) of the Federal Rules of Civil Procedure provides a complaint may be dismissed

for "insufficiency of service of process." Fed. R. Civ. P. 12(b)(5). Whether service was insufficient

in this case requires reference to Federal Rule of Civil Procedure 4. Rule 4(e) states:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> > (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
> >
> > (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Plaintiffs have not accomplished valid service through Rule 4(e)(2). The

parties agree the copies of the summons and complaint were not delivered personally to Defendants

(Court File No. 36, p. 1; Court File No. 40, p. 2, 40). Also, the copies were not left at either of

Defendants' homes with a person of suitable age and discretion. Rather, copies of the complaint and

summons were mailed to Defendants at their place of employment and received by Ms. Hooper.

Neither party has presented any evidence Ms. Hooper is an authorized agent of Defendants. *See*

*Dortch v. First Fidelity Mortgage Co. of Mich., Inc.*, 8 Fed. App'x 542, 546 (6th Cir. 2001)

(unpublished) (holding service upon the chief executive officer who was being sued in his individual

capacity was improper where the copies were sent by certified mail to the chief executive officer's

3

place of employment and signed for by the treasurer of the company).

Plaintiffs argue service is proper because Defendants have actual knowledge of the suit and because Defendants filed an answer to the complaint. The United States Court of Appeals for the Sixth Circuit has instructed "actual knowledge and lack of prejudice cannot take the place of legally sufficient service." *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999). Further, since Defendants raised a defense of insufficiency of service of process in their responsive pleading, it is entirely proper for them to request dismissal of the complaint based on insufficiency of service of process. Fed. R. Civ. P. 12(h).

The Court must now look to state law to determine if Defendants were adequately served. Rule 4(e)(1) states service can be accomplished if the service is valid under the law of the state in which the district court sits or under the law of the state where service is effected. Therefore, in this case, if Defendants were validly served under Tennessee law (where the Court sits) or under Virginia law (where service was effected), dismissal of the complaint would be unwarranted. Plaintiffs do not argue service was proper under Virginia law but Plaintiffs do point to the Tennessee Rules of Civil Procedure.[3]

Tennessee Rule of Civil Procedure 4.05 provides, "Whenever the law of [Tennessee] authorizes service outside [Tennessee], the service, when reasonably calculated to give actual notice, may be made . . . by any form of service authorized for service within [Tennessee] pursuant to Rule 4.04." Tennessee Rule of Civil Procedure 4.04(1), similar to Federal Rule of Civil Procedure 4(e)(2), allows service "[u]pon an individual other than an unmarried infant or an incompetent

---

[3] The Court conducted its own research of Virginia law and was unable to find any Virginia law, statutory or otherwise, condoning the type of service attempted in this case by Plaintiffs.

4

person, by delivering a copy of the summons and of the complaint to the individual personally . . .

or by delivering the copies to an agent authorized by appointment or law to receive service on behalf

of the individual served."

Again, as represented by the parties, Defendants were not personally served and there is no

indication Ms. Hooper was or is "an agent authorized by appointment or law to receive service on

behalf" of Defendants. Rather, Ms. Hooper, according to the parties, is simply a person who works

in the same office as Defendants. If Ms. Hooper was specifically authorized to sign for and receive

certified mail on behalf of the Prince William County Police Department employees, the Court

might determine she was an authorized agent under Tennessee law. *See Boles v. Tenn. Farmers*

*Mut. Ins. Co.*, 2000 WL 1030837, at *5 (Tenn. Ct. App. July 27, 2000) (unpublished) (service was

proper because the co-employee who signed for the certified mail was "not merely a desk clerk or

receptionist with whom a postal employee left a summons and complaint" but rather was

"specifically authorized to sign for and receive certified mail on behalf of [the company] and its

employees . . . ."). However, Ms. Hooper does not appear to hold such a position. Accordingly, the

Court holds service upon Ms. Hooper does not amount to service upon Defendants under Rule

4.04(1).

Tennessee Rule of Civil Procedure 4.04(10) together with Rule 4.03(2) outline the procedure

for serving a defendant through the mail. These rules state in relevant part:

> **4.04(10)**
>
> Service by mail of a summons and complaint upon a defendant may be made by the
> plaintiff [or] the plaintiff's attorney . . . . Such person shall send, postage prepaid,
> a certified copy of the summons and a copy of the complaint by registered return
> receipt or certified return receipt mail to the defendant. If the defendant to be served
> is an individual . . . the return receipt mail shall be addressed to [the individual or
> authorized agent]. The original summons shall be used for return of service of

5

process pursuant to Rule 4.03(2). Service by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute.

**4.03(2)**

When process is served by mail, the original summons, endorsed as below; an affidavit of the person making service setting forth the person's compliance with the requirements of this rule; and, the return receipt shall be sent to and filed by the clerk. . . . If the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute, service on the defendant shall be complete. If not, service by mail may be attempted again or other methods authorized by these rules or by statute may be used.

Tenn. R. Civ. P. 4.03(2) & 4.04(10).[4] In this case, neither Defendant nor an authorized agent signed

for the certified mail. Accordingly, service was not "complete." Tenn. R. Civ. P. 4.03(2). Hence,

the Court concludes service, with respect to Defendants, was insufficient.

**B.     Is Dismissal Warranted?**

The "requirement of proper service of process is not some mindless technicality." *Friedman*

*v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quotation and citation omitted). Rather,

proper service is based on constitutional due process and is necessary for a federal court to obtain

and exercise personal jurisdiction over a defendant. *Omni Capital Int'l Ltd. v. Rudolph Wolff & Co.*,

---

[4] Curiously, Rule 4.04(10) and Rule 4.03(2) are not entirely consistent. Rule 4.04(10)'s statement "Service by mail shall not be the basis for the entry of a judgment by a default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute" suggests strongly service by certified mail is sufficient, outside the context of a default judgment, even if someone other than the defendant or persons designated by Rule 4.04 or statute signs for the certified mail. Tenn. R. Civ. P. 4.04(10). However, Rule 4.03(2) specifically states "When process is served by mail, . . . [i]f the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute, service on the defendant shall be complete. If not, service by mail may be attempted again or other methods authorized by these rules or by statute may be used." Tenn. R. Civ. P. 4.03(2). Thus, Rule 4.03(2), unlike Rule 4.04(10) requires the return receipt to be signed by the defendant or by a person designated by Rule 4.04 or by statute regardless of whether a default judgment is at issue.

484 U.S. 97, 104 (1987); *Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir. 1976).

> Federal Rule of Civil Procedure 4(m) provides in relevant part as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Rule 4(m) has two distinct parts. One part of Rule 4(m) gives a district court discretion to enlarge the 120-day period for good cause shown and even when good cause has not been shown. *Henderson v. United States*, 517 U.S. 654, 662 (1993); *Johnson v. Hayden*, 2000 WL 1234354, at *3 n.3 (6th Cir. Aug. 24, 2000) (unpublished). The other part of Rule 4(m) allows a district court to dismiss a complaint without prejudice if service of the summons and complaint has not properly been made within 120 days from the filing of the complaint.

Service has not been accomplished in this case within the 120-day window. Therefore, pursuant to Rule 4(m) the Court must first determine if Plaintiffs have shown good cause for failing to timely effect service of process. If good cause has been shown, the Court must extend the time in which service may be made. Plaintiffs bear the burden of showing good cause. *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994).

Mistake of counsel or ignorance of the rules is not enough to establish good cause. *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992). Further, lack of prejudice and actual notice are insufficient. *Id.* at 596-97. The failure to properly serve Defendants in this case is best described as falling into the category of mistake and ignorance of the rules governing service of process. Therefore, under Rule 4(m) the Court is not required to extend the 120-day window.

However, the Court will exercise its discretion under Rule 4(m) and allow Plaintiffs more

time to properly serve Defendants. The Court reaches this conclusion after considering several factors. First, there is no evidence Defendants would be prejudiced by allowing proper service to be made other than the inherent prejudice in defending the lawsuit. Defendants have actual knowledge of the suit and have already obtained counsel and filed an answer to the complaint. Second, the Court is confident service may be accomplished in a short period of time. Third, it appears Plaintiffs originally made diligent and good-faith efforts to serve Defendants in a timely manner.

Accordingly, the Court will **DENY** Defendants' motion to dismiss and **GRANT** Plaintiffs an extension of time under Rule 4(m) to effect service of process upon Defendants. The Court will allow Plaintiffs until September 1, 2006 to properly serve Defendants. However, the Court will **RESERVE** the right to reconsider dismissal under Rule 4(m) if Plaintiffs fail to serve Defendants on or before September 1, 2006.

## III. CONCLUSION

For the reasons already stated, the Court will **DENY** Defendants' motion to dismiss (Court File No. 35). Further, the Court will **ALLOW** Plaintiffs to effect proper service upon Defendants on or before September 1, 2006. However, the Court will **RESERVE** the right to reconsider dismissal under Rule 4(m) if Plaintiffs fail to properly serve Defendants on or before September 1, 2006.

An Order shall enter.

**/s/**

**CURTIS L. COLLIER**

8

**CHIEF UNITED STATES DISTRICT JUDGE**

9