UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| SUSAN MASSEY and WILLIAM SCOTT MASSEY, )<br>)<br>*Plaintiffs*, )<br>)<br>v. )<br>)<br>DETECTIVE D.L. HESS and KATHLEEN )<br>OELSCHLEGEL, individually and as a )<br>member of the Prince William County, )<br>Virginia Police Department; OFFICER )<br>JASON WAGNON, OFFICER CURTIS )<br>MORRIS, and OFFICER KEITH )<br>JENNINGS, individually and as officers )<br>and employees of the Chattanooga Police )<br>Department; and CITY OF )<br>CHATTANOOGA, TENNESSEE, )<br>)<br>*Defendants*. | No. 1:05-CV-249<br><br>Chief Judge Curtis L. Collier |

## **O R D E R**

Before the Court is Plaintiffs Susan Massey and William Massey's ("Plaintiffs") motion for an extension of time to respond to Defendants' dispositive motions (Court File No. 80). Plaintiffs' motion states they request an additional 17 days, or through June 18, 2007, to respond to "Summary Motions filed in this case" (*Id.*). At the time Plaintiffs filed their motion there was only one summary judgment motion pending, Defendants, D.L. Hess and Kathleen Oelschlegel's motion for summary judgment (Court File No. 74), which was filed on May 11, 2007.[1] Pursuant to Local Rule

---

[1] Defendants Jason Wagnon, Curtis Morris, Keith Jennings, and the City of Chattanooga filed their motion for summary judgment on June 1, 2007 after Plaintiffs filed their motion requesting additional time to respond. Pursuant to Local Rule 7.1(a), Plaintiffs have until June 21, 2007 to file a response to this motion for summary judgment. Therefore, the Court finds Plaintiffs' motion for an extension of time to respond does not apply to Defendants Jason Wagnon, Curtis Morris, Keith Jennings, and the City of Chattanooga's summary judgment motion.

7.1(a), Plaintiffs had until May 31, 2007 to respond to this dispositive motion. E.D. TN. LR 7.1(a) ("parties shall have 20 days in which to respond to dispositive motions"). Plaintiffs filed their motion for an extension of time to respond on June 1, 2007 after the deadline had already expired. Additionally, the reasons provided by Plaintiffs' counsel as grounds for an extension of time will occur after the deadline to respond has expired.[2]

Requests such as this have a disrupting effect on the Court's management of its docket. However, it is much better for the Court to have the benefit of a response to the summary judgment motion which will contain a researched argument, legal citation, and supporting evidence. Therefore, the Court will **GRANT** Plaintiffs' motion (Court File No. 80) and will extend the time to respond to Defendants, D.L. Hess and Kathleen Oelschlegel's motion for summary judgment (Court File No. 74) to **June 18, 2007**.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] Specifically, Plaintiff's counsel contends he has to file several briefs and prepare an appellate argument during the week following June 1 and attend his daughter's wedding on June 7-9. The Court notes all of these events will occur after the May 31 deadline already expired.